# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

Duhjuan L. Miller,

                Plaintiff,

vs.

State Farm, et al.,

                Defendants.

Case No. 2:23-cv-00586-JAD-VCF

**ORDER**

I previously dismissed pro se plaintiff Duhjuan L. Miller complaint without prejudice. ECF No. 6. Plaintiff filed two amended complaints, which are mostly identical, but the amended complaints do not comply with my screening order. ECF Nos. 7 and 8. I dismiss plaintiff's amended complaints. Plaintiff then filed a motion to amend, which I liberally construe as a motion to amend the amended complaints that he filed. ECF No. 9. I grant plaintiff's motion to file an amended complaint.

    **I.**      **Plaintiff's Complaint**

          **a. Legal Standard**

Since I granted plaintiff's IFP application, I must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair

notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must Luckett "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v.*

*United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

### b. Analysis

Plaintiff's two amended complaints are mostly identical, but the two complaints are also essentially void of any factual allegations. See ECF No. 7 and 8. He alleges a contract-type dispute and breach of fiduciary duties against State Farm but does not specify what facts give rise to those allegations. *Id.* Even liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. I previously noted the same Rule 8 standard in my previous order, and plaintiff has not amended his complaint with specific facts about his dispute.

Since plaintiff has now filed a motion to amend, I will give plaintiff the benefit of the doubt and give him one more chance to amend his complaint. The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. See Fed. R. Civ. P. 8(a)(1). The amended complaint must contain a short and plain statement describing the underlying case and the defendant's involvement in the case. See Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, plaintiff still must give each defendant fair notice of his claims against it and of plaintiff's entitlement to relief. Plaintiff is advised that if he files an amended complaint, the previously filed complaints (ECF Nos. 1-1, 7, and 8) no longer serves any function in this case. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make plaintiff's

3

amended complaint complete. I dismiss the plaintiff's complaints without prejudice. If plaintiff chooses to amend his complaint, he must comply with Rule 8.

ACCORDINGLY,

I ORDER that Miller's motion to amend (ECF Nos. 9) is GRANTED.

I FURTHER ORDER that plaintiff's amended complaint (ECF No. 7 and 8) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, September 4, 2023, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 3rd day of August 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE