# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DUHJUAN L. MILLER,<br>    Plaintiff(s),<br>v.<br>STATE FARM,<br>    Defendant(s). | Case No. 2:23-cv-00586-JAD-NJK<br><br>REPORT AND RECOMMENDATION |

Plaintiff is proceeding in this action *pro se* and has been permitted to proceed *in forma pauperis*. Docket No. 6 at 1. On May 23, 2023, the Court screened Plaintiff's complaint and held that, "[e]ven liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim." *Id.* at 3. The Court permitted Plaintiff an opportunity to amend the complaint. *Id.* at 3-4. The Court ordered that any further amended complaint must include both factual allegations regarding the cause of action, as well as a short and plain statement of the Court's jurisdiction to hear the matter. *See id.* at 3.

On August 3, 2023, the Court resolved Plaintiff's motion to amend and screened Plaintiff's amended complaints again finding that, "[e]ven liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim." Docket No. 10 at 3. The Court permitted Plaintiff another opportunity to amend. *Id.* at 3-4. The Court ordered that any further amended complaint must include both factual allegations regarding the cause of action, as well as a short and plain statement of the Court's jurisdiction to hear the matter. *See id.* at 3.

On August 10, 2023, Plaintiff filed a second amended complaint. Docket No. 11. On January 12, 2024, the undersigned was assigned to this case. Docket No. 12.

Plaintiff's second amended complaint fails for the reasons already identified. It consists of two sentences regarding some sort of contract or fiduciary claim against Defendants without providing the factual allegations explaining the basis for the claim. *See* Docket No. 11.[1] Even more significantly, the second amended complaint provides no jurisdictional basis to hear this case. Hence, the second amended complaint fails to comply with Rule 8, to state a claim for relief, or to establish subject matter jurisdiction.

Plaintiff has been provided with multiple opportunities to cure these deficiencies, but has still not done so. As a result, the Court finds that further opportunity to amend is not warranted. *Cf. City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (explaining that the discretion to deny leave to amend is "particularly broad" when the plaintiff has amended the complaint previously).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: January 16, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dep't*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).